**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jorge Arturo Aranda Rayos, | No. CV-25-01259-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff Jorge Arturo Aranda Rayos's application for a period of disability and disability insurance benefits by the Social Security Administration ("SSA"). Plaintiff filed a Complaint with this Court seeking judicial review of that denial. (Doc. 1.) After reviewing the briefs (Docs. 14, 24-25), and the Administrative Record (Docs. 6-7, "A.R."), the Court affirms.

## I.   BACKGROUND

### A.   Procedural History

Plaintiff filed for Title II disability insurance benefits on October 8, 2018, alleging his disability began on April 2, 2018. (Doc. 14 at 2.) The SSA denied his claim on February 24, 2021. (*Id.*) On August 26, 2021, the SSA Appeals Council denied review. (*Id.*)

Plaintiff appealed, and, on August 26, 2022, the district court vacated the unfavorable ALJ decision and remanded for further proceedings with the agency. (*Id.*) In November 2021, while his appeal was pending, Plaintiff filed subsequent applications for benefits. (*Id.*) Those claims were consolidated on remand, and the ALJ issued another

unfavorable decision on October 2, 2023. (*Id.*) The SSA Appeals Council denied review on February 19, 2025. (*Id.*) Plaintiff now seeks review of that denial pursuant to 42 U.S.C. § 405(g). (*Id.*)

### B.    ALJ Determination

Here, the ALJ concluded that Plaintiff "has not engaged in substantial gainful activity since April 2, 2018, the alleged onset date." (A.R. at 915.) The ALJ then determined that Plaintiff had the following severe impairments: "degenerative disc disease with stenosis; bilateral osteoarthritis of knees; peripheral arterial disease; diabetes; obesity; chronic obstructive pulmonary disease (COPD); bilateral carpal tunnel syndrome and cubital tunnel syndrome status post bilateral releases; bilateral shoulder degenerative joint disease; neurodevelopmental disorder; and somatic symptom disorder." (*Id.*) The ALJ next concluded that Plaintiff did "not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404." (*Id.* at 917.) The ALJ then determined that Plaintiff had the following residual functional capacity ("RFC"):

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can lift and/or carry up to 20 pounds occasionally and 10 pounds frequently; he can stand and/or walk for four hours in an eight-hour workday; and he can sit for six hours in an eight-hour workday with normal breaks. In addition, the claimant can occasionally operate foot controls with the bilateral lower extremities; never climb ladders, ropes, or scaffolds; and occasionally climb ramps or stairs. Further, the claimant can occasionally stoop, crouch, crawl, or kneel; occasionally balance as defined by the Selected Characteristics of Occupations; occasionally bilaterally reach overhead; and frequently bilaterally handle, finger, and feel. Moreover, the claimant can have occasional exposure to excessive vibrations; occasional concentrated exposure to pulmonary irritants and poorly ventilated areas; and no exposure to dangers moving machinery and unprotected heights. Finally, the claimant can perform work involving understanding, remembering, and carrying out simple instructions; and work with occasional changes in a routine work setting.

(*Id.* at 920.)

The ALJ found that while Plaintiff was unable to perform past relevant work, he

could perform a significant number of jobs in the national economy due to his age, education, work experience, and RFC. (*Id.* at 929-30.) Examples of such jobs included cashier, storage facility rental clerk, and marker positions. (*Id.* at 930-31.) Accordingly, the ALJ concluded that Plaintiff was not disabled from the alleged onset date through the date of the decision. (*Id.* at 931.)

## II.    LEGAL STANDARD

The district court reviews only those issues raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the ALJ's determination only if it is unsupported by substantial evidence or if it is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the entire record. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the entire record and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* (citation omitted). Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The substantial evidence threshold "defers to the presiding ALJ, who has seen the hearing up close." *Biestek v. Berryhill*, 587 U.S. 97, 108 (2019); *see also Thomas v. CalPortland Co.*, 993 F.3d 1204, 1208 (9th Cir. 2021) (noting substantial evidence "is an extremely deferential standard").

To determine whether a claimant is disabled, the ALJ follows a five-step process. *See* 20 C.F.R. § 416.920(a)(4). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(i), (b). If so, the claimant is not disabled, and the inquiry ends. *Id.* If the claimant is not working in a substantially gainful activity, then the claimant's case proceeds to step two. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical

or mental impairment. *Id.* § 416.920(a)(4)(ii), (c). If not, the claimant is not disabled, and the inquiry ends. *Id.* If the claimant's impairment is severe, then the inquiry proceeds to step three. *See id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of Part 404. *Id.* § 416.920(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, then the ALJ assesses the claimant's RFC to determine whether the claimant is still capable of performing past relevant work before moving to step four. *Id.* § 416.920(a)(4)(iv), (e)-(f). At step four, the ALJ must determine whether the claimant retains the RFC to perform the requirements of past relevant work. *Id.* If so, the claimant is not disabled, and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where the ALJ determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. *Id.* § 416.920(a)(4)(v), (g). If so, the claimant is not disabled; if not, the claimant is disabled. *Id.*

## III.    DISCUSSION

Plaintiff argues the ALJ erred by improperly rejecting (1) the medical evidence from Dr. Rajesh Bhakta and Nurse Practitioner ("NP") Cristano Melchor, and (2) his own symptom testimony. (Doc. 14 at 16-25.) The Court considers each claim in turn.

### A.    Medical Evidence

Plaintiff argues that the "ALJ failed to provide a rational explanation supported by substantial evidence as to why the opinions from the treating physician were unpersuasive and failed to articulate and explain the ALJ's rationale to reject the medical opinions by addressing relevant objective evidence and explanations that support and/or are consistent with the medical opinions being evaluated." (Doc. 14 at 17.)

Dr. Bhakta examined Plaintiff in October 2022, and NP Melchor examined Plaintiff in April 2023. (A.R. at 2869-70, 3025-26.) The ALJ summarized their medical opinions as follows:

They opined the claimant can sit four to six hours in an eight-hour workday;

- 4 -

> stand and/or walk four hours in an eight-hour workday; and lift and/or carry 10-15 pounds. They further opined it is medically necessary for the claimant to alternate between sitting, standing, and walking every 21-45 minutes and the claimant must rest for 10-15 minutes each time. Further, they opined the claimant can less than occasionally use his bilateral hands, frequently bend or reach, and occasionally stoop, and is likely to miss six or more days of work each month due to his impairments.

(*Id.* at 927.)

An ALJ must assess all the medical evidence when formulating a claimant's RFC. 20 C.F.R. § 404.1545(a)(1). RFC is an administrative, not medical, finding concerning a claimant's ability to work. *Id.* § 404.1546. In examining medical evidence, an ALJ must articulate how persuasive he or she finds all the medical opinions from each doctor or other source. *Kitchen v. Kijakazi*, 82 F.4th 732, 739 (9th Cir. 2023). Under the revised regulations applicable here,[*] supportability and consistency are the "most important" factors for an ALJ to consider in this analysis. *Woods*, 32 F.4th at 791 (quoting 20 C.F.R. § 404.1520c(a)). Supportability means the extent to which a medical source supports the medical opinion by explaining the relevant objective medical evidence. 20 C.F.R. § 404.1520c(c)(1). Consistency measures how a medical source compares with others; "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.* § 404.1520c(c)(2). "[A]n ALJ need only provide 'an explanation supported by substantial evidence,'" not account for every possibility. *See Kitchen*, 82 F.4th at 740 (quoting *Woods*, 32 F.4th at 792).

The Court finds that substantial evidence supports the ALJ's evaluation of Dr. Bhakta's and NP Melchor's opinions. In addressing consistency, the ALJ explained that these medical opinions were inconsistent with those providers' own treatment records. (A.R. at 927 (citing A.R. at 1626, 1637, 1896, 3084).) The ALJ further found the opinions

---

[*] Plaintiff filed his benefits application after March 27, 2017, so the revised SSA regulations govern how the ALJ evaluates and considers medical opinions. *Woods v. Kijakazi*, 32 F.4th 785, 790 (9th Cir. 2022).

inconsistent with the broader record, which reflected largely normal physical examinations, including findings of normal muscle bulk, no atrophy, and intact sensation in the lower extremities—findings that undermine the severe limitations on manipulation and use of the hands. (*Id.* (citing, *e.g.*, A.R. at 2974-75, 3125, 3152, 3165, 3219-26).)

Therefore, substantial evidence supports the ALJ's decision to find Dr. Bhakta's and NP Melchor's opinions unpersuasive due to inconsistency with other medical evidence. Any alleged deficiency in the supportability discussion would therefore be harmless. *See Woods*, 32 F.4th at 792-94 n.4 (suggesting that even where an ALJ provides no supportability analysis for a medical opinion, the ALJ may properly find the opinion unpersuasive so long as there is an inconsistency finding supported by substantial evidence); *Archunde v. Comm'r of Soc. Sec. Admin.*, No. CV-24-01993-PHX-JAT, 2025 WL 520534, at *6 (D. Ariz. Feb. 18, 2025).

Plaintiff also contends that the ALJ improperly discounted the opinions because they were provided on checkbox forms with minimal explanation. (Doc. 14 at 18 (citing A.R. at 927).) But this was not the ALJ's sole rationale. The ALJ also relied on inconsistencies with the record, which independently support the finding. *See Kitchen*, 82 F.4th at 740-41 (finding that substantial evidence supported discounting a medical provider's opinion where there were inconsistencies in the medical record and noting that "we have accepted the discounting of a medical opinion set forth in a checkbox form with little to no explanation").

Finally, Plaintiff argues that the ALJ failed to adequately explain the cited inconsistencies. (Doc. 14 at 18-19.) While the ALJ did not discuss every cited record in detail, the ALJ is not required to "draft dissertations when denying benefits." *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). Accordingly, the ALJ adequately explained her evaluation of Dr. Bhakta's and NP Melchor's medical opinions under the applicable regulations, and substantial evidence supports her finding the opinions unpersuasive.

**B.    Symptom Testimony**

Plaintiff also argues that the ALJ failed to specify which portions of his testimony

were not credible and failed to provide "clear and convincing reason[s]," supported by the record, for discounting his symptom testimony. (Doc. 14 at 24.) Plaintiff points in particular to his testimony regarding chronic pain and his need to take breaks or lie down throughout the day. (*Id.* at 23.)

In evaluating a claimant's subjective symptom testimony, an ALJ applies a two-step analysis. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). First, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)). If there is such objective evidence, and "no evidence of malingering," "the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so." *Id.* (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). The question on review is not whether the Court is convinced, but whether the ALJ's rationale is "clear enough that it has the *power* to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022) (emphasis added). In making this determination, the ALJ may consider inconsistencies between the claimant's testimony and the objective medical evidence, treatment history, and daily activities. *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014).

Here, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," but that Plaintiff's statements regarding "the intensity, persistence and limiting effects of [those] symptoms [were] not entirely consistent with the medical evidence and other evidence in the record." (A.R. at 922.)

Because the ALJ made no finding of malingering, the question is whether she articulated specific, clear, and convincing reasons for discounting Plaintiff's testimony. The ALJ did so. She explained that Plaintiff's allegations were inconsistent with the objective medical evidence, his treatment history, and his reported daily activities. (*Id.* at 919-25.) These are recognized bases for discounting subjective symptom testimony. *See*

*Thomas*, 278 F.3d at 959 (holding that inconsistencies between subjective complaints and objective medical evidence is a clear and convincing reason for discounting claimant's testimony); *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) ("In reaching a credibility determination, an ALJ may weigh inconsistencies between the claimant's testimony and his or her conduct, daily activities, and work record, among other factors.").

Substantial evidence supports the ALJ's reasoning. First, although Plaintiff testified to disabling pain and a need to frequently lie down, the ALJ identified largely unremarkable physical findings in the record, including normal strength, intact sensation, and minimal objective abnormalities. (*See* A.R. at 922-23.) The ALJ also found Plaintiff's treatment relatively conservative. (*See* A.R. at 923 (citing, *e.g.*, A.R. at 586-609, 1763-77, 1860-66, 2070-83, 2166-72, 3027-28, 3191-99).) Proof of "'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment." *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007); *Mojarro v. Berryhill*, 746 F. App'x 672, 674 (9th Cir. 2018) (same).

Plaintiff contends that the ALJ "failed to explain how any instances of noncompliance over a six-year treating period" supported discounting his testimony. (Doc. 14 at 24.) But the ALJ cited specific instances of noncompliance (A.R. at 924 (citing, *e.g.*, A.R. at 3094)), which is a permissible consideration because a failure to follow prescribed treatment may suggest that symptoms are not as limiting as alleged. *See Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014).

Viewed as a whole, the ALJ adequately identified which aspects of Plaintiff's testimony were inconsistent with the record and provided clear and convincing reasons, supported by substantial evidence, for discounting his subjective symptom allegations.

## IV. CONCLUSION

The Court finds that substantial evidence supports the ALJ's decision.

**IT IS THEREFORE ORDERED affirming** the ALJ's decision (A.R. at 912-32).

. . . .

- 8 -

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter final judgment consistent with this Order and close this case.

Dated this 13th day of April, 2026.

Michael T. Liburdi
United States District Judge